# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL MALLOY, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> WALGREEN COMPANY, NEWPORT ) <br> GROUP, INC., AND WALGREEN CO. ) <br> 1988 EXECUTIVE DEFERRED ) <br> COMPENSATION/ CAPITAL ) <br> ACCUMULATION PLAN ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-05686 <br><br> REMOVED FROM THE LAW DIVISION, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CASE NO. 2020-L-008564 |

## NOTICE OF REMOVAL

Defendants Walgreen Company ("Walgreens") and Walgreen Co. 1988 Executive Deferred Compensation/Capital Accumulation Plan ("Plan") (collectively "Walgreens Defendants"), by and through their attorneys, Seyfarth Shaw LLP, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 and 29 U.S.C. § 1132(e)(1), file this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Circuit Court of Cook County, Illinois, Case No. 2020-L-008564. In support of their Notice of Removal, the Walgreens Defendants state as follows:

1. On August 14, 2020, Plaintiff Daniel Malloy commenced a civil action against Walgreens in the Circuit Court of Cook County, Illinois, entitled, entitled *Malloy v. Walgreen Co.*, Case No. 2020-L-008564.

2. Walgreens was served with the initial Complaint on August 25, 2020. On September 16, 2020, the Circuit Court of Cook County granted Plaintiff's motion to file an Amended Complaint. A copy of all "summons, pleadings and orders" received by Walgreens in

the state court action is attached as Exhibit A. *See* 28 U.S.C. § 1446(a). Because Walgreens has filed this Notice of Removal within thirty days of service of the initial Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. In his initial Complaint, Plaintiff purported to bring five statutory and common law claims under Illinois law (breach of fiduciary duty, fraud and deceit, conversion, Illinois Wage Payment and Collection Act, and breach of contract) relating to his participation in the Plan. A copy of the Plan is attached as Exhibit B.

4. In the Amended Complaint, Plaintiff added as defendants the Newport Group, Inc. and the Plan. Additionally, he added a sixth claim for benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* As of this filing on September 24, 2020, the Plan and Newport have not yet been served. The Plan joins in this removal and Newport consents to the removal of this action.

5. The Plan is a top hat employee pension benefit plan governed by ERISA, because it restricts participation to certain highly compensated employees (grade 14 and higher, *see* Ex. B Article 2) and it provides for a deferral of income for participants to a time beyond the participants' separation from the Company. Ex. B Articles 3 & 4; 29 U.S.C. § 1002(2)(A)(ii) (defining "employee pension benefit plan" to include "any plan, fund, or program" that "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond"); Exhibit C (July 18, 1988 letter to the United States Department of Labor complying with ERISA's reporting and disclosure requirements for ERISA governed plans); *Garratt v. Knowles*, 245 F.3d 941, 946 n.8 (7th Cir. 2001) (affirming denial of motion to remand and holding that "[a] top hat plan is an unfunded plan the employer maintains 'primarily for the purpose of providing deferred compensation to a select group of management or highly

compensated employees,' [which] is subject to ERISA's enforcement provisions even though it is exempted from ERISA's vesting, participation, funding, and fiduciary rules") (citations omitted); *Wilson v. Safelite Grp., Inc.*, 930 F.3d 429, 438 (6th Cir. 2019) (holding that deferred compensation plan was "an ERISA employee pension benefit plan pursuant to § 1002(2)(A)(ii)" because it permitted employees to defer compensation beyond termination).

**This Case Is Removable Based on Federal Question Jurisdiction**

6. A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See, e.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

7. The Amended Complaint (¶¶ 75-77) seeks relief under ERISA § 502 (29 U.S.C. § 1132) and federal common law. Accordingly, this Court has original jurisdiction over Plaintiff's federal claim in Count VI.

8. Additionally, while the remaining counts of Plaintiff's Amended Complaint (Counts I-V) purport to only bring claims under Illinois state law, these counts are completely preempted because each of the state law claims seeks Plan benefits (*e.g.* Am. Compl. ¶¶ 57 (10), 60, 66, 71-72, 74) and determination of each of these claims requires interpretation of the Plan documents. *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 724 (7th Cir. 2017) (affirming denial of remand in claim initially brought under the Illinois Wage Payment and Collection Act because the plaintiff's claims depended on whether the ERISA plan in question entitled her to the money she was seeking) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

9. Accordingly, these putative state law claims arise under federal law for the purpose of removal and preemption is proper as each of these counts concerns benefits allegedly due to Plaintiff under the Plan (which is governed by ERISA).

10. The Court thus has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), and removal is proper under 28 U.S.C. § 1441.

## Venue And Notice

11. Venue is proper in this District because, pursuant 28 U.S.C. § 93(a)(1), this District embraces the Circuit Court of Cook County, Illinois, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

12. Promptly upon the filing of this Notice of Removal, the Walgreens Defendants shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Circuit Court of Cook County and will serve a copy thereof on Plaintiff through his counsel, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit D.

## Conclusion

13. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 1132(e)(1). Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

14. Should Plaintiff seek to remand this case to state court, the Walgreens Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, the Walgreens Defendants ask that the Court retain jurisdiction and allow them to file a motion asking this Court to certify any remand order for interlocutory review by the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, the Walgreens Defendants request that the above-described action

pending against it be removed to this Court. The Walgreens Defendants also request all other relief, at law or in equity, to which they justly are entitled.

DATED: September 24, 2020

Respectfully submitted,

WALGREEN COMPANY

WALGREEN CO. 1988 EXECUTIVE DEFERRED COMPENSATION/CAPITAL ACCUMULATION PLAN

By: */s/ Samuel Schwartz-Fenwick*
    Samuel Schwartz-Fenwick
    sschwartz-fenwick@seyfarth.com
    Jules A. Levenson
    jlevenson@seyfarth.com
    SEYFARTH SHAW LLP
    233 South Wacker Drive, Ste. 8000
    Chicago, Illinois 60606
    Telephone: (312) 460-5000
    Facsimile: (312) 460-7000

*Attorneys for Defendants Walgreen Company and The Walgreen Co. 1988 Executive Deferred Compensation/Capital Accumulation Plan*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, as listed below, via first-class mail, postage prepaid on the 24th day of September 2020.

      Christopher Patrick Ford
      Law Office of Christopher Patrick Ford
      8 S. Michigan Avenue, Suite 3500
      Chicago, IL 60603

      */s/Samuel Schwartz-Fenwick*
      Samuel Schwartz-Fenwick

65857538v.3